**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SONIA ANDRADE HERRERA,<br><br>        Plaintiff,<br><br>v.<br><br>WALMART, INC.,<br><br>        Defendant. | Case No. 1:24-cv-00209 JLT CDB<br><br>ORDER DENYING MOTION FOR LEAVE TO AMEND AND REMAND<br><br>(Doc. 4) |

Sonia Andrade Herrera asserts negligence claims against Defendant Walmart, Inc. under California law. Walmart removed the case to this court based on the parties' diversity. Herrera now requests permission to amend her complaint to add allegations against a store manager, who, like Herrera, is a citizen of California. (Doc. 4.) She also asks to remand the case to state court after the amendment, and she seeks an award of her attorneys' fees. (*Id.*) Walmart opposes the motion. (Doc. 5.) As explained in this order, the Court exercises its discretion under 28 U.S.C. § 1447(e) to **DENY** the motion.

**BACKGROUND**

Plaintiff filed her complaint in this action in state court in January 2024. She alleges she slipped and fell in a Walmart store in Bakersfield, California in 2022 and sustained serious injuries. (Doc. 1-1 at 6.) She asserts one claim of negligence against Walmart and many unidentified Doe defendants. (*Id.* at 3–4.) The first unidentified defendant is an unnamed store

1

manager, allegedly a resident of Kern County, with responsibilities for maintaining the store, for verifying that the store had a maintenance policy in line with industry standards, and for training and educating store employees. (*Id.* at 6.) The complaint lists the store manager's responsibilities generally, but it does not otherwise make allegations about her conduct or her role in causing Herrera's injury.

Walmart removed the case to this court in February 2024, about one month after it was filed. (Doc. 1.) It relied on the parties' complete diversity of citizenship (California and Delaware) and Herrera's allegation that her damages exceeded $2 million. (*Id.* at 2–3 (citing 28 U.S.C. § 1332).) A few days after Walmart removed the case, Herrera's counsel emailed Walmart's counsel to meet and confer about a proposed amendment to her complaint. She wanted to amend the complaint to identify Deborah Walters, allegedly a California resident, as the store manager and to remand the case to state court. (*See* Doc. 4-1.) According to the email, Herrera's counsel had "just discovered the name of the store manager." (*Id.* at 11.) Counsel attached a proposed amended complaint to her email, but like the original complaint, it explains Walters's role only in the most general terms. (*See id.* at 16–17.) Walmart did not consent to the proposed amendment, citing its preference to remain in federal court, and disagreed with counsel's interpretation of the relevant case law. (*See id.* at 5–9.)

After the parties reached this impasse, Herrera filed her pending motion for leave to amend her complaint, to remand the action to state court, and to award attorneys' fees. (Doc. 4.) The motion and accompanying legal memorandum do not offer additional information about Herrera's allegations against the store manager. According to a declaration filed alongside this motion, Herrera's counsel states that he identified Walters after a recent "investigative effort," but he does not describe that effort. (Doc. 4-1 ¶ 5.) Walmart opposes the motion, which is now fully briefed. (*See* Docs. 5, 7.). The Court finds the matter is appropriate for decision without a hearing.

**LEGAL STANDARD**

A defendant can remove a case to federal court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). One commonly invoked federal jurisdictional statute,

28 U.S.C. § 1332, gives federal district courts original jurisdiction over cases in which the amount in controversy is greater than $75,000 and the citizenship of each plaintiff differs from the citizenship of each defendant. *See* 28 U.S.C. § 1332(a)(1); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). But Congress has instructed federal courts to ignore the citizenship of any defendants the plaintiff has sued under fictitious names, such as "Doe" and "Roe." 28 U.S.C. § 1441(b)(1). The parties do not dispute that this case was properly removed to this Court, despite Herrera's allegations against the unnamed store manager, as she is currently named fictitiously as a "Doe" defendant only.

When, as in this case, the plaintiff in an action that was removed to federal court under the diversity jurisdiction statute seeks the court's permission to add allegations against a defendant with the same state citizenship, the law gives the court a choice: deny the plaintiff's request and maintain jurisdiction or grant the request and remand the case to state court. 28 U.S.C. § 1447(e). The language of this statute "is couched in permissive terms," so the decision "is left to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

The Ninth Circuit has confirmed that district courts are within their discretion to consider the potential prejudice to the moving plaintiff and the equities in general, but it has not otherwise established any particular legal test for district courts to apply. *See id.* In the absence of specific controlling authority, California federal district courts have considered a variety of factors when exercising their discretion: whether the new defendant must be joined under the terms of Federal Rule of Civil Procedure 19(a), ignoring, of course, that Rule 19(a) does not permit a joinder if it would deprive the court of subject matter jurisdiction; whether a statute of limitations would bar a new case against the new defendant in state court; whether the request follows an unexplained delay; whether it appears the only reason to add the new defendant is to deprive the federal court of jurisdiction; whether the claims against the new defendant appear to be valid; and whether denying the request would prejudice the plaintiff. *See, e.g.*, *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999). None of these factors amounts to

a necessary condition, and just one might prove to be decisive, but district courts normally weigh them all. *See, e.g.*, *IBC*, 125 F. Supp. 2d at 1012–13.

Herrera and Walmart each devote multiple pages of their briefs to a distinct but related rule. This rule, known as the rule against "fraudulent joinders," permits a defendant to argue a party has been "fraudulently" joined and should be disregarded for purposes of the diversity jurisdiction statute. *See, e.g.*, *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). But there is a "general presumption against finding fraudulent joinder," so a defendant invoking this rule "bears a heavy burden." *Id.* (citations and quotation marks omitted). It is not enough for the defendant to establish, for example, that the plaintiff's claims fall short of Rule 12(b)(6). *See id.* at 549. A claim is "fraudulent" only if there is no possibility that a state court would decide it is viable. *Id.* (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).

The fraudulent joinder rule does overlap with the discretionary rule of § 1447(e). Courts have sometimes considered whether a proposed amendment is "fraudulent" when deciding whether to permit that amendment under § 1447(e). *See, e.g.*, *Reyes v. FCA US LLC*, No. 20-00833, 2020 WL 7224286, at *2–3, 7–10 (E.D. Cal. Dec. 8, 2020); *Calderon v. Lowe's Home Centers, LLC*, No. 15-01140, 2015 WL 3889289, at *5–6 (C.D. Cal. June 24, 2015). And that makes good sense. There is no reason to add new claims to the case if they cannot possibly succeed. *See Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999); *Armstrong v. FCA US LLC*, No.19-01275, 2020 WL 6559232, at *4 (E.D. Cal. Nov. 9, 2020). But these tests do not overlap completely. First, as noted, the decision under § 1447(e) is a discretionary one. It depends on factors beyond the validity or the "fraudulent" nature of the proposed joinder. A district court may deny a request to amend based on other factors, such as timing, prejudice, and Rule 19, regardless of a claim's potential validity. *See, e.g.*, *ProPortion Foods, LLC v. Master Prot., LP*, No. 19-1768, 2019 WL 1924982, at *2 (C.D. Cal. Apr. 30, 2019), *aff'd sub. nom. 3WL, LLC v. Master Prot., LP*, 851 F. App'x 4, 7 (9th Cir. 2021). In addition, the validity decision is less demanding of defendants under § 1447(e) than it is under the fraudulent joinder rule. When § 1447(e) applies, the court must decide whether the new claim is "facially" valid, *Armstrong*,

4

2020 WL 6559232, at \*5, or "seems valid," *Freeman v. Cardinal Health Pharmacy Servs., LLC*, No. 2:14-cv-01994 JAM, 2015 WL 2006183, at \*3–4 (E.D. Cal. May 1, 2015).  The fraudulent joinder rule, by contrast, demands either "extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail."  *Grancare*, 889 F.3d at 548.  The Court will therefore focus on the discretionary test that applies to requests for leave to amend under § 1447(e), not fraudulent joinder.

## DISCUSSION

The relevant factors are mixed in this case.  First, under Rule 19, an absent party must be joined if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1).  Herrera's allegations do not reveal any risk of incomplete relief in the store manager's absence.  Herrera could obtain relief from Walmart under the doctrine of *respondeat superior*.  *See Munoz v. Walmart Inc.*, No. 19-08333, 2020 WL 91499, at \*2 (C.D. Cal. Jan. 8, 2020).  She does not allege or argue the store manager was acting outside the scope of her employment or without authority; to the contrary, she intends to allege the store manager was acting as Walmart's agent.  (Doc. 4-1 at 16.)  Rule 19 also requires a party's joinder if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect their interest."  Fed. R. Civ. P. 19(a)(1).  But Herrera's allegations do not imply (and she does not argue) that the store manager will somehow be without recourse or at any disadvantage if she remains absent from this case.  (*See* Doc. 4-2 at 8.)  Rather, Herrera argues that her claims against the store manager are related to her claims against Walmart (*see id.*), and though this appears to be true, nothing in the complaint or Herrera's motion suggests the store manager's interests might diverge from Walmart's interests in any meaningful way.  This factor weighs against amendment.  *See IBC Aviation*, 125 F. Supp. 2d at 1012 (finding this factor does not favor amendment when denying joinder "would not prevent complete relief").

For similar reasons, it is unlikely as a practical matter that Herrera will suffer any prejudice if the store manager is not joined as a defendant.  Although she contends without contradiction that the statute of limitations for a claim against the store manager has run (Doc. 4

at 8–9), she does not dispute Walmart's assertion that the store manager's actions "would be imputed to her employer," i.e., Walmart, under Herrera's theory of the case (Doc. 5 at 9). The statute of limitations and prejudice do not weigh heavily in the balance.

Next, it is impossible to reliably assess whether Herrera's proposed claim against the store manager is valid. She has offered only boilerplate allegations about the store manager's actions. She has not explained what evidence she intends to pursue in discovery, nor any particular theories of wrongdoing she might pursue at trial. Nor does she offer any further information in her briefing. Herrera's position is in fact so persistently generic as to imply she has no information about the store manager's actions at all. It is possible Herrera could pursue a viable claim against the store manager, but it is equally possible that her boilerplate allegations of negligence will be dismissed or abandoned. This factor thus weighs against amendment. *See Calderon v. Lowe's Home Centers, LLC*, No. 15-01140, 2015 WL 3889289, at *3 (C.D. Cal. June 24, 2015).

Finally, the timing of Herrera's request is not obviously indicative of an improper motive. Her counsel contacted Walmart's counsel about a potential amendment while the case was still in its early stages. An earlier-filed motion can avoid unnecessary litigation in the federal forum and can thus weigh in favor of an amendment. *See Trujillo v. Target Corp.*, No. 17-06429, 2017 WL 4864490, at *3 (C.D. Cal. Oct. 26, 2017). But like the allegations in Plaintiff's complaint, her explanation for her timing is so perfunctory that it raises more questions than it answers. She does not explain, for example, why she did not identify the store manager before she filed her original complaint. She does not describe any obstacles that prevented her from learning who the store manager was, nor how she discovered the store manager's identity, nor from whom, nor when. She does not explain how long she or her attorneys knew the store manager's name before they raised the issue with the defense and the Court. She does not contend, for example, that Walmart prevented her from learning the store manager's name or delayed in disclosing it. *See, e.g. id.* at *3. A proposal to amend that, like Herrera's, follows quickly and inexplicably on the heels of a removal suggests ulterior motives and weighs against amendment. *See Robinson v. Lowe's Home Centers, LLC*, No. 15-1321, 2015 WL 13236883, at *6 (E.D. Cal. Nov. 13, 2015)

6

(citing *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. Feb. 25, 1999)).

To take a step back, this is far from the first slip-and-fall case in which a plaintiff has asked to join a previously unidentified store manager. Herrera relies primarily on two decisions by other California federal district courts. In the first, the plaintiff alleged the manager had a "high degree of involvement" in the events behind her claims, and the statute of limitations would have barred a new lawsuit in state court. *See Trujillo*, 2017 WL 4864490, at *2–4. The plaintiff had also attempted unsuccessfully to identify the store manager until a customer service representative disclosed the manager's name. *Id.* at *3. These factors weighed in favor of remand. *See id.* The court was troubled by the defendant's account of a conversation in which the plaintiff's attorney suggested his intention was to use an amendment to destroy the court's jurisdiction, but the court was nonetheless satisfied that this was not the plaintiff's "primary motive." *Id.* at *4. The second case Herrera cites is similar. The court relied on largely the same reasoning, citing *Trujillo*. *See West v. Costco Wholesale Corp.*, No. 20-04265, 2020 WL 7023777, at *4–6 (C.D. Cal. Nov. 30, 2020). It found the claims against the store overlapped "entirely" with the claims against the store manager, and it cited plaintiff's timely efforts to learn the store manager's name in discovery. *Id.* *4–6. But in neither *Trujillo* nor *West* did the validity of the plaintiff's claims play a central role, and in neither case did the court consider whether the plaintiff could obtain complete relief from the store alone under the doctrine of *respondeat superior*. *See* West, 2020 WL 7023777, at *4–6; *Trujillo*, 2017 WL 4864490, at *5 & n.3.

Walmart relies on a competing pair of cases. In the first, the district court found the store manager was not a necessary party because the plaintiff could obtain complete relief against the store itself, citing its potential *respondeat superior* liability. *See Calderon*, 2015 WL 3889289, at *3–4. The court was skeptical of the plaintiff's explanation for the timing of her motion. *See id.* at *5. It went so far as to describe her position as "disingenuous." *Id.* She "never attempted to identify or charge a doe defendant until she found that the case was removed to a disfavored venue." *Id.* Although a new lawsuit against the store manager in state court would likely have run afoul of the applicable statute of limitations, the court was persuaded the plaintiff had "nothing to gain" by adding the store manager, and the court found nothing in the complaint's

sparse allegations to suggest a claim against the store manager was valid. *Id.* at *6. It did not permit an amendment. *See id.* Walmart's second case is similar. The court found the decision in *Calderon* was "directly on point." *Robinson*, 2015 WL 13236883, at *6. The plaintiff could obtain complete relief from the store, and the timing of her motion called her motives into question, so the court did not permit an amendment. *See id.*

Although the parties do not acknowledge it, a similar dispute has even arisen in a case against Walmart itself, and not long ago. *See generally* Munoz, 2020 WL 91499. In *Munoz*, as in this case, the plaintiff alleged slipped and fell in a Walmart store, she filed her case in California state court, and the store removed the case to federal district court. *Id.* at *1. The plaintiff then moved to join a previously unnamed store manager based on the same generic allegations Herrera makes in this case. *See id.* The district court denied the motion after finding that the plaintiff could obtain complete relief from Walmart alone, that the timing of the plaintiff's motion suggested she was motivated by jurisdictional concerns alone, that she had nothing to gain from the proposed joinder, and that she would suffer no prejudice if the case remained in federal court. *See id.* at *2–3.

The district courts' decisions in *Calderon*, *Robinson*, and *Munoz* are more persuasively reasoned than those in *Trujillo* and *West*, given their more careful analysis of the likely prejudice the plaintiff would face absent the store manager—or rather, the lack thereof. And as in *Calderon*, *Robinson*, and *Munos*, the circumstances of Herrera's request give the Court no confidence she has any reason to pursue a claim against the store manager except that in doing so would allow her to return to state court. In short, she can almost certainly obtain complete relief from Walmart alone, she offers only boilerplate allegations about the store manager, and she does not explain why she did not identify the store manager until a few days after Walmart removed the case to this court.

Although the Ninth Circuit has not offered detailed guidance in any published opinions, it has affirmed district courts' refusals to permit amendments when, as in this case, the plaintiffs appeared unlikely to suffer any true prejudice if the case remained in federal court. *See 3WL*, 851 F. App'x at 7; *Newcombe*, 157 F.3d at 691. The Circuit has also specifically instructed district

8

courts to "look with particular care" at the plaintiff's motives. *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). The court thus declines to permit Herrera to pursue her proposed claim against the absent store manager.

## CONCLUSION

For these reasons, the motion for leave to amend, to remand, and for attorneys' fees (Doc. 4) is **DENIED**.

IT IS SO ORDERED.

Dated:   **January 14, 2026**

UNITED STATES DISTRICT JUDGE